**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| KATIE DIXON and JAIME GAONA, *on behalf of themselves and all others similarly situated*, <br><br> Plaintiffs, <br><br> v. <br><br> EDWARD D. JONES & CO., L.P., and THE EDWARD JONES FINANCIAL COMPANIES, L.L.L.P., <br><br> Defendants. | Case No.  4:22-cv-00284-SEP |

## MEMORANDUM AND ORDER

Before the Court are Defendants' motion to stay discovery, Doc. 33, and Plaintiffs' motion for equitable tolling, Doc. 38.  Both motions are fully briefed and ready for disposition.  For the reasons set forth below, Defendants' motion is granted, and Plaintiffs' motion is denied.

### FACTS AND BACKGROUND

According to the Amended Complaint, Doc. 27, Edward Jones is a Fortune 500 company that provides financial services to clients in the United States and Canada and manages approximately $1.7 trillion in client assets.  Plaintiff Katie Dixon, a female who identifies as pansexual, currently works for Edward Jones as a financial advisor.  Plaintiff Jaime Gaona, a Mexican American male, formerly worked for Edward Jones as a financial advisor.

Plaintiffs allege that Edward Jones discriminates against non-white-male financial advisors through the "Goodknight program" by funneling certain client accounts to predominantly white male financial advisors. Doc. 27 ¶¶ 4.  Plaintiffs' Amended Complaint brings five claims under federal antidiscrimination laws.  Count I alleges gender-based wage discrimination under the Equal Pay Act (EPA) and Fair Labor Standards Act (FLSA) on behalf of Dixon and other female financial advisors.  *Id.*  ¶¶ 130-44.  Count II alleges race-based discrimination under 42 U.S.C. § 1981 on behalf of Gaona and other non-white financial

1

advisors, excluding African American financial advisors.[1]  *Id.* ¶¶ 145-50.  Count III alleges discrimination on the basis of race, color, and national origin under Title VII on behalf of Gaona and other non-white financial advisors, excluding African American financial advisors.  *Id.* ¶¶ 151-160.  Count IV alleges gender discrimination under Title VII on behalf of Dixon and other female financial advisors.  *Id.* ¶¶ 161-70.  And Count V alleges sexual orientation discrimination under Title VII on behalf of Dixon and other financial advisors of minority sexual orientations.  *Id.* ¶¶ 171-80.

On May 23rd, Defendants filed a motion to dismiss each count of the Amended Complaint.  Doc. 31.  Defendants contemporaneously filed the instant motion to stay discovery, wherein they request that the Court stay all discovery in this matter pending a ruling on that motion to dismiss.  Doc. 33.  Plaintiffs oppose any potential stay of discovery but insist that, if discovery is stayed, the Court should also grant their motion to toll the statute of limitations with regard to the EPA claim in Count I.  Docs. 37, 38.

## DISCUSSION

I. **Defendants' Motion to Stay Discovery**

A district court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Contracting Nw., Inc. v. City of Fredericksburg*, 713 F.2d 382, 387 (8th Cir. 1983) (finding that a district court has "the inherent power to grant [a] stay in order to control its docket, conserve judicial resources, and provide for a just determination of the cases pending before it").  "A stay is not a matter of right, even if irreparable harm might otherwise result." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (quoting *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672 (1926)).  "It is instead 'an exercise of judicial discretion,' and 'the propriety of its issue is dependent upon the circumstances of the particular case.'" *Id.* (quoting *Virginian Ry. Co.*, 272 U.S. at 672-73).  "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion."  *Id.* at 433-34 (citations omitted).

---

[1] A related nationwide class action has already been brought against Edward Jones on the basis that Edward Jones discriminated against African American financial advisors, and those parties recently settled that lawsuit.  *See Bland v. Edward D. Jones & Co., L.P.*, Case No. 18-cv-03673-ARW, Doc. No. 139 (N.D. Ill.  July 15, 2021).

2

A party may obtain a stay of discovery during the pendency of a motion to dismiss, but the mere filing of a motion to dismiss, on its own, is not sufficient to support a stay of discovery. *See Physicians Home Health Infusion, P.C. v. UnitedHealthcare of the Midwest, Inc.*, 2019 WL 4644021, at *3 (E.D. Mo. Sept. 24, 2019) (citing *Reinerio v. Bank of New York Mellon*, 2015 WL 4425856, at *6 (W.D. Mo. 2015)).  Whether to stay discovery during the pendency of a motion to dismiss is a decision that "is generally practical and . . . left largely to the court's discretion." *Id.*  (quoting *Dufrene v. ConAgra Foods, Inc.*, 2016 WL 10651947, at *2 (D. Minn. Apr. 7, 2016)).

In determining whether to stay discovery pending disposition of a motion to dismiss, courts consider the following four factors:

    (1) whether the movant has shown a likelihood of success on the merits of  the dispositive motion;

    (2) hardship or inequity to the moving party if the matter is not stayed;

    (3) prejudice to the non-moving party [if the matter is stayed]; and

    (4) the conservation of judicial resources.

*Physicians Home Health*, 2019 WL 4644021, at *3.  As set forth below, the Court finds that the balance of the factors weighs in favor of a stay.

**A. Likelihood of Success**

The first factor favors granting a stay of discovery in this case.  In evaluating the likelihood of success on the merits, Defendants must show "more than a mere possibility of success" on their motion to dismiss, but they are not required to demonstrate that their motion to dismiss has a greater than fifty percent probability of succeeding. *Physicians Home Health*, 2019 WL 4644021, at *3 (quoting *Dufrene*, 2016 WL 10651947, at *3) (internal quotation marks omitted).

In their motion to dismiss, Defendants contend that Count I fails to state a claim because Plaintiffs have not sufficiently alleged that females were paid at a lower rate than similarly situated males, Doc. 32 at 9-11, or that Dixon was actually paid less than a similarly situated male comparator, *id.* at 11-12, as required to establish a prima facie EPA claim, *see Spatz v. Lee's Summit R-7 Sch. Dist.*, 2021 WL 5628327, at * 2 (W.D. Mo. Nov. 30, 2021) (slip op.).  Even if Plaintiffs were able to establish a prima facie claim, Defendants further argue that it is apparent from the face of the Amended Complaint that Defendants are entitled to

3

the "quality or quantity" defense under 29 U.S.C. § 206(d), Doc. 32 at 12-13. Defendants also argue that Counts III, IV, and V should be dismissed because Plaintiffs have not properly exhausted their administrative remedies with respect to certain allegations, *id.* at 13-15, and some of the challenged employment actions occurred outside the limitations period, *id.* at 15-16; Plaintiffs have not alleged personal injury sufficient to establish standing, *id.* at 16; and the Amended Complaint does not purport to allege a disparate impact claim, *id.* at 19-20, and fails to allege sufficient facts to establish a disparate treatment claim, *id.* at 17-19. Defendants also argue that Count II should be dismissed because Plaintiffs failed to plausibly allege that Gaona suffered an adverse employment action, an intent to discriminate, or but-for causation. *Id.* at 20-24. Finally, Defendants contend that Plaintiffs' allegations of a "pattern or practice" of discrimination on the part of Edward Jones fail to rescue Plaintiffs' otherwise futile claims. *Id.* at 24-25.

Having reviewed Defendants' motion to dismiss, the Court finds that, for the purposes of this motion, the motion to dismiss raises arguments that are colorable and have "more than the mere possibility of success." *Physicians Home Health*, 2019 WL 4644021, at *3 (quoting *Dufrene*, 2016 WL 10651947, at *3) (quotation marks omitted).

### B. Hardship to Defendants

The second factor also weighs in favor of granting a stay of discovery in this case, albeit mildly. Defendants argue that Plaintiffs' factual allegations and proposed nationwide classes and collectives are broad and expansive, and that, consequently, Plaintiffs' discovery requests will also be broad and expansive, which will create a hardship for Defendants. Doc. 34 at 8-9. Defendants contend that the allegations in the Amended Complaint could result in thousands of potential class and collective members; that Plaintiffs' theories of liability will require Plaintiffs to compare themselves with thousands of similarly situated financial advisors; and that gathering documents for all of its financial advisors will be an immense and expensive task. *Id.* at 9.

Plaintiffs argue that Defendants have made only conclusory allegations regarding the potential hardship they face and have failed to support their concerns with any substantiated facts. Doc. 37 at 10. Plaintiffs also claim that they will largely seek the same documents that they believe Defendants already produced to the plaintiffs in *Bland*; that they will pursue only "conservative and narrowly-tailored discovery during the pendency of Defendants'

4

motion to dismiss"; and that Defendants' fears of overly broad discovery requests are overblown. Doc. 37 at 10-12.

Defendants have shown that they will suffer hardship absent a stay, but not all of their arguments are well-taken. For example, Defendants note their expectation that Plaintiffs may seek discovery that is irrelevant, overbroad, and unduly burdensome. To the extent that those concerns amount to more than mere speculation, they are nevertheless immaterial to whether the Court should stay discovery *in its entirety*. Even if discovery proceeds, Defendants will still have the protections of Federal Rule of Civil Procedure 26(b), which limits the scope of discovery to requests that are "relevant to any party's claim or defense and proportional to the needs of the case, considering," among other things, "whether the burden or expense of the proposed discovery outweighs its likely benefit." Therefore, to the extent that Defendants might object to discovery requests as irrelevant, overbroad, or unduly burdensome, those objections will still be actionable absent a stay.

Defendants also rely too heavily on *Raimo v. Washington University in St. Louis,* 2021 WL 243559, at *1 (E.D. Mo. Jan. 25, 2021), in which this Court found that it would be a "substantial hardship" for Washington University to engage in discovery during the pendency of its motion to dismiss. It is true that, as in *Raimo*, discovery here could involve records relating to thousands of individuals, but it doesn't follow that the hardship associated with producing such records is identical. Washington University cited not only the number of class members but also physical and financial hardship resulting from the way the records were stored. *Id*. Also, unlike Washington University, Defendants here have apparently already gathered at least some of the documents Plaintiffs plan to seek for previous litigation. *See* Doc. 37 at 10 (Plaintiffs stating that they "will seek the same documents that were undoubtedly at issue in *Bland*"); Doc. 40 at 11 (Defendants responding not by denying that such documents have already been gathered, but by claiming that such documents are irrelevant to this case). Thus, the second factor does not support a stay as decisively here as it did in *Raimo*.

5

The general burden of participating in the discovery process exists in every case.[2] Even where "engaging in discovery would be a waste of time and money, such potential harms are inherent in litigation." *Wild v. Rockwell Labs, Ltd.*, 2020 WL 1892307, at *2 (W.D. Mo. Apr. 16, 2020) (internal quotation marks omitted). Still, inasmuch as this case involves multiple potentially large and non-overlapping classes, and the discovery required will likely pertain to even more employees than are represented in those classes, it is true that proceeding with discovery during the pendency of the motion to dismiss would pose some hardship to Defendants.

### C.  Prejudice to Plaintiffs

The third factor also favors granting a stay of discovery. Defendants argue that Plaintiffs will not be prejudiced by any inability to conduct factual discovery because the pending motion to dismiss raises purely legal questions that would not turn on the disclosure of any new facts. Doc. 34 at 11. Defendants also point out that the statute of limitations is already tolled for Plaintiffs' class-action claims, thus no prejudice could arise from any delay with respect to those claims. *Id.* With respect to Dixon's EPA collective-action claim in Count II—for which the statute of limitations is not tolled for putative collective members until they file a consent to join the action, as is further described in Section II—Defendants argue that potential plaintiffs may file their consent to join at any time, regardless of whether discovery is stayed, and that the stay therefore does not prejudice anyone inclined to participate in the case. *Id.* at 12.

In response, Plaintiffs do not argue that either Dixon or Gaona—currently the only two Plaintiffs in this case—will be at all prejudiced by a stay of discovery. Rather, Plaintiffs argue that if the Court grants a stay of discovery, theoretical future plaintiffs will be prejudiced if the Court does not reciprocally grant Plaintiffs' motion to toll the statute of limitations for Count II.

Plaintiffs' motion for equitable tolling is analyzed in more detail below, but for the purpose of Defendants' motion to stay discovery, the Court finds that "the non-moving

---

[2] In the usual and ordinary course of a lawsuit, parties make initial disclosures within 14 days of their Rule 26(f) conference, *see* Fed. R. Civ. P. 26(A)(1)(C), and commence further discovery following the Rule 16 conference as set forth in the court's scheduling order, *see* Fed. R. Civ. P. 16(b).

6

party," *Physicians Home Health*, 2019 WL 4644021, at *3—that is, Dixon and Gaona—will not be prejudiced by a stay of discovery. Because possible future collective members are not "non-moving part[ies]" to this motion, the Court will not base its determination on speculation about how such unknown individuals might be affected by the stay. *Id.*

### D. Conservation of Judicial Resources

The fourth factor also weighs in favor of granting a stay of discovery. "In determining whether a stay of discovery until the resolution of a pending dispositive motion would conserve judicial resources, a court examines the breadth of any pending discovery and whether the pending dispositive motion has the potential to resolve the litigation." *Physicians Home Health*, 2019 WL 4644021, at*6 (quoting *Dufrene*, 2016 WL 10651947, at *4). Contemporaneous with the filing of its opposition to this motion, Plaintiffs served Defendants with their first set of requests for production, which confirms Defendants' prediction that Plaintiffs will seek expansive nationwide discovery. *See* Doc. 40-2 (Defs. Ex. B) at 2 (requesting documents related to financial advisors throughout the entire United States); *id.* at 5 (requesting documents from the past ten years). Moreover, if Defendants' motion to dismiss is granted, it could resolve the litigation in full. *See Physicians Home Health*, 2019 WL 4644021, at *6.

As all four factors weigh in favor of granting a stay of discovery in this case, Defendants' motion to stay discovery will be granted.

### II. **Plaintiffs' Motion for Equitable Tolling**

In response to Defendants' motion to stay discovery, Plaintiffs filed a motion for equitable tolling, wherein they request that the Court toll the statute of limitations with respect to Dixon's EPA claim in Count I. Doc. 38. Plaintiffs argue that court-ordered litigation stays are grounds to equitably toll the FLSA statute of limitations,[3] and that declining to toll the statute of limitations will prejudice putative plaintiffs' ability to join the action. Doc. 37 at 13-14.[4] The Court disagrees.

---

[3] The Equal Pay Act is part of the Fair Labor Standards Act, and the FLSA statute of limitations applies. *See* 29 U.S.C. §§ 206(d), 255(a).

[4] Local Rule 4.01(A) states that, "unless otherwise directed by the Court, the moving party must file with each motion a memorandum in support thereof, including any relevant argument and citations to any authorities on which the party relies." Plaintiffs did not file a memorandum in support of their

7

### A. Equitable tolling is a rare and infrequent form of relief applied only in exceptional circumstances.

"The purpose of a statute of limitations is speedy and fair adjudication of the respective rights of the parties." *Pecoraro v. Diocese of Rapid City*, 435 F.3d 870, 875 (8th Cir. 2006). "The doctrine of equitable tolling permits a plaintiff to sue after the statutory time period has expired if he has been prevented from doing so due to inequitable circumstances." *Id.* (cleaned up). "Because statutes of limitations protect important interests of certainty, accuracy, and repose, equitable tolling 'is an exception to the rule, and should therefore be used only in exceptional circumstances.'" *Motley v. United States*, 295 F.3d 820, 824 (8th Cir. 2002) (quoting *Dring v. McDonnell Douglas Corp.*, 58 F.3d 1323, 1330 (8th Cir. 1995)); *see also Fair v. Commc'ns Unlimited, Inc.*, 2019 WL 4695942, at *2 (E.D. Mo. Sept. 26, 2019) ("Equitable tolling is a 'limited and infrequent form of relief . . . .'") (quoting *Smithrud v. St. Paul*, 746 F.3d 391, 396 (8th Cir. 2014) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, (2005))); *Pecoraro*, 435 F.3d at 875 (citation omitted) ("Courts generally require strict compliance with a statute of limitations and rarely invoke doctrines such as equitable tolling to alleviate a plaintiff from a loss of his right to assert a claim."); *Jenkins v. Mabus*, 646 F.3d 1023, 1028-29 (8th Cir. 2011) ("The doctrine of equitable tolling does not apply to 'garden variety' claims of excusable neglect, and should be invoked only in exceptional circumstances truly beyond the plaintiff's control.") (citation omitted).

---

motion for equitable tolling; rather, the motion incorporated by reference the arguments and citations to authorities made in Plaintiffs' opposition to Defendants' motion to stay discovery. *See* Doc. 38 ¶ 5. Defendants argue that Plaintiffs' motion for equitable tolling should be summarily denied for failure to comply with the Local Rules, because Plaintiffs' failure to file a separate memorandum inconvenienced them and caused them "to sift through" Plaintiffs' opposition in search of arguments relevant to the motion for equitable tolling. Doc. 41 n.1. Plaintiffs argue that their decision to not file a separate memorandum in support was for the purpose of efficiency, and that any argument they would have made in a memorandum in support of the motion for equitable tolling would have mirrored the arguments made in their opposition to Defendants' motion to stay discovery. Doc. 43 n.1.

There is no particular remedy prescribed by the Local Rules for failing to file a separate memorandum in support, but the Court finds no remedy necessary here. Plaintiffs' opposition to the motion to stay discovery is not lengthy, and the Court had no difficulty locating the approximately two-page section containing Plaintiffs' equitable tolling arguments. Although the Court reserves the right to enforce the Local Rules in future scenarios where a party fails to file a separate memorandum in support—up to and including denying the motion without prejudice to refiling—in this case, the Court finds Defendants' complaints to be overstated.

8

### B. Equitable tolling is disfavored in FLSA cases.

Under the FLSA, an action is barred unless it is filed within two years of the date on which the cause of action accrued. 29 U.S.C. § 255(a). If the violation was willful, the limitation is three years. *Id.* Unlike in a Rule 23 class action—where each person within the description of the class is considered a class member and bound by any judgment unless they *opt out* of the suit—in a FLSA action, even if a person falls within the description of the collective, that person is neither a party to the action nor bound by any judgment unless he or she *opts into* the action by filing his or her written consent. *See Fair*, 2019 WL 4695942, at *2 (citing *LaChapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 288 (5th Cir. 1975)). Thus, the statute of limitations continues to run for all putative plaintiffs until they elect to join the suit or file their own action. *See Fair*, 2019 WL 4695942, at *2 (citing *Davenport v. Charter Comm'ns, LLC*, 2014 WL 2993739, at *4 (E.D. Mo. Jul. 3, 2014)).

"The Eighth Circuit has not directly addressed the issue of equitable tolling in FLSA cases," and "[d]istrict courts have taken varying approaches . . . ." *Fair*, 2019 WL 4695942, at *3 (citation omitted). While some courts have found that "delays caused by the court can constitute extraordinary circumstances" justifying equitable tolling, *MacMann v. Tropicana Ent., Inc.*, 2020 WL 2747303, at *2 (E.D. Mo. May 27, 2020); *see also Davenport*, 2014 WL 2993739, at *8, other courts have found that the text of the FLSA does not favor equitable tolling, and that there is nothing extraordinary about a delay between the filing of a motion and the issuance of a notice to the potential collective, *see Fair*, 2019 WL 4695942, at *3 (citing *Davenport*, 2014 WL 2993739, at *4).

Because "[e]quitable tolling is not permissible where it is inconsistent with the text of the relevant statute," *United States v. Beggerly*, 524 U.S. 38, 48 (1998), the Court turns to the text of the FLSA, which provides a private right of action for aggrieved employees:

> An action to recover [against an employer who violates the provisions of Sections 206 or 207] may be maintained against any employer . . . by any one or more employees for and in behalf of [her]self or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless [s]he gives [her] consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b). The following statute of limitations applies to any claim brought under § 216:

9

> Any action . . . if the cause of action accrues on or after May 14, 1947—may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued.

29 U.S.C. § 255(a).

While courts should "rarely invoke doctrines such as equitable tolling" in general, *Pecoraro*, 435 F.3d at 875, as recently explained by the Honorable Stephen R. Clark, Sr., of this district, the invocation of equitable tolling should be even rarer in the FLSA context:

> First, the statutory text of § 255(a) does not lend itself to equitable tolling ("every such action shall be forever barred unless commenced within [two or three years]..."). Second, had Congress wanted to extend the limitations period in collective actions, it could easily have done so by, for example, building in a tolling period between commencement of the action and the opt-in period or by expressly granting courts authority to toll the limitations period. Third, in the 45 years since the Supreme Court held in *American Pipe* that tolling applies to Rule 23 opt out class actions, Congress has not amended § 255 or otherwise provided for tolling in FLSA collective actions. Fourth, the structure of the FLSA, including the grace-period provisions of § 255(b), (c), and (d), further show that Congress could have built tolling into the statutory text but chose not to. Fifth, the opt-in process for FLSA collective actions inherently involves delay between filing and opting in, so extending the limitations period based on litigation delays contravenes the structure that Congress chose.

*Fair*, 2019 WL 4695942, at *3.

Based on the foregoing principles, this Court finds that it must strictly apply the FLSA statute of limitations and equitably toll that limitations period only in truly exceptional circumstances.

### C. Plaintiffs fail to establish that putative plaintiffs have been diligently pursuing their rights to bring EPA actions against Defendants.

"The doctrine of equitable tolling permits a plaintiff to 'sue after the statutory time period has expired if he has been prevented from doing so due to inequitable circumstances.'" *Pecoraro*, 435 F.3d at 875 (citation omitted). "[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that [s]he has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way." *Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005). The parties disagree over *who* Plaintiffs must demonstrate to have been diligently pursuing their rights. Plaintiffs claim that "a court-

10

ordered stay of discovery would prevent *Plaintiffs*, who are diligently pursuing *their* rights, from obtaining discovery needed to support a motion for conditional certification." Doc. 38 at 2 (emphasis added).  Defendants argue that Plaintiffs must show that *the putative collective members* have been diligently pursuing *their* rights, as those putative collective members are the individuals who could be in need of equitable tolling of the statute of limitations.  Doc. 41 at 5.

As stated in *Pace*, *the person who is seeking the benefits* of equitable tolling must show that *she* has been pursuing *her* rights diligently.  *See Pace*, 544 U.S. at 418.  In determining whether future putative plaintiffs have diligently pursued their rights, it would make little sense for the Court to consider the diligence of a plaintiff who has already filed suit and is not in need of tolling.  The doctrine of equitable tolling is invoked when an individual has been unjustly barred from asserting a claim against another for reasons beyond her control. *See Pecoraro*, 435 F.3d at 875.  Whether that individual pursued her claim with diligence is highly relevant to whether her claim expired for reasons beyond her control.  But whether another individual diligently pursued a similar claim is of little relevance.[5]  As a court in the Eighth Circuit recently stated:

> The relevant question is not whether *Plaintiff* diligently pursued his rights—because Plaintiff is not seeking to toll the statute of limitations as it applies to him—but whether the *potential plaintiffs* have diligently pursued their rights, for they are the individuals the statute of limitations potentially could adversely affect.

*Olukayode v. UnitedHealth Group*, 2020 WL 1486058, at *2 (D. Minn. Mar. 27 2020).

Plaintiffs have not shown that putative plaintiffs have diligently pursued their rights to bring EPA claims against Defendants, and thus they have not satisfied the first prong of the *Pace* standard for equitable tolling.  *See Pace*, 544 U.S. at 418.

**D. Plaintiffs fail to establish that the putative plaintiffs' actions are untimely because some extraordinary circumstance has stood in their way.**

"After the statutory time period has expired," *Pecoraro*, 435 F.3d at 875, if a litigant was prevented from suing prior to the expiration of the statute of limitations and seeks an

---

[5] The timely plaintiff's diligence could demonstrate that the timely filing of such a claim was not impossible, supporting a finding that no extraordinary circumstance stood in the way of the untimely putative plaintiff.

11

equitable toll thereof, that litigant also bears the burden to establish that she was unable to timely bring suit because "some extraordinary circumstance stood in [her] way," *Pace*, 544 U.S. at 418.  Plaintiffs have not shown that the statute of limitations has expired, that any putative plaintiff has been prevented from bringing a claim, or that any extraordinary circumstance has stood in any putative plaintiff's way.

Plaintiffs argue that "delays caused by the court can constitute extraordinary circumstances." Doc. 43 at 2 (citing *MacMann*, 2020 WL 2747303, at *2); *see also id.* at 7 (citing *Davenport*, 2014 WL 2993739, at *7, and *Clendenen v. Steak N Shake Operation, Inc.*, 2018 WL 4679728, at *4 (E.D. Mo. Sept. 28, 2018)).  Plaintiffs also contend that "a delay in discovery means a delay in Plaintiffs receiving the names and addresses of potential opt-ins, which means a delay in providing the court-ordered notice that gives potential opt-ins the opportunity to opt-in." Doc. 43 at 4.

Defendants argue that "an order staying discovery does not preclude potential plaintiffs from joining this action, if they so desire," Doc. 41 at 7, and that "under the plain wording of 29 U.S.C. § 216, putative plaintiffs may inarguably opt-into the action at any time by filing a consent to join," *id.* at 8.  Defendants thus argue that a stay of discovery in this case does not constitute an extraordinary circumstance sufficient for an equitable toll of the FLSA statute of limitations.  *See* Doc. 41 at 9-10.

Plaintiffs have failed to demonstrate that a stay of discovery constitutes an exceptional circumstance that will prevent putative plaintiffs from filing an EPA claim against Defendants.  Plaintiffs' error is that they conflate a purported right for putative plaintiffs to receive notice of this action with the putative plaintiffs' right to assert a claim in general, whether by joining this action or filing their own.  The doctrine of equitable tolling is only applicable when an individual's own claim has been inequitably barred, not when notice to that individual of someone else's claim has been delayed.  The FLSA states:

> An action to recover [under this Section] may be maintained . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.  No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b).  Importantly, unlike in a Rule 23 class action, in an action under the FLSA, a "judgment does not bind the individual unless he or she has 'opted into' the class by filing

12

written consent." *Fair*, 2019 WL 4695942, at *3; *see also Taylor v. Sturgell*, 553 U.S. 880, 884, 894 (2008) ("[O]ne is not bound by a judgment *in personam* in a litigation in which he is not designated as a party or to which he has not been made a party by service of process[,] . . . [except] in certain limited circumstances . . . [such as] properly conducted [Rule 23] class actions.") (quotation marks and citations omitted).

A stay of discovery in this case would not prevent any person with an EPA claim from recognizing her right to bring that claim; nor would it otherwise prejudice her ability to bring her claim.  A stay of discovery also would not prevent her from joining this action if she so chose.  At most, a stay of discovery pending the resolution of Defendants' motion to dismiss could delay the Court-approved notice that putative plaintiffs might receive if the Court later grants conditional certification, which in turn might result in putative plaintiffs receiving the Court-approved notice of this action after the statute of limitations has passed.  At present, that scenario is merely speculative; however, if that scenario is presented to the Court in the future, then the Court should and shall consider the application of equitable tolling.  But it remains true that any employee who might join in this action also has the right to bring an action of her own; thus, if a putative plaintiff someday argues that she was barred from joining this action because of the Court's stay of discovery, she will also have to show why she was barred from bringing an action of her own.  *See Pace*, 544 U.S. at 418.

A similar scenario was analyzed in *Sylvester v. Wintrust Financial Corporation*, 2014 WL 10416989, at *3 (N.D. Ill. Sept. 26, 2014):

> In asserting that the delay attendant to ruling on the conditional certification motion prevented them from asserting their rights, what the plaintiffs really mean is that potential opt-ins have no way to know of the filing of the putative collective action until notice is issued.  That is not entirely true, but is in any event irrelevant.  The question is not whether delay in issuing notice prevented others from learning about this law suit but whether such delay prevented them from discovering their own claims once those claims accrued.  The plaintiffs assert that those who opted in within the period permitted by the conditional certification order exercised the required diligence because they did not sit on their rights once notified of the potential claim against the defendants.  But nothing in FLSA suggests that once one plaintiff has asserted a claim against an employer, all other potential plaintiffs are relieved of their respective obligations to exercise their own diligence with respect to the investigation and/or assertion of their own claims against that employer.  As the defendants point out, in asking the Court to issue a blanket tolling order, the opt-in plaintiffs effectively seek a ruling that none of them was on notice

13

of a potential claim before they received notice of this law suit and their right to join it.

Plaintiffs cannot credibly argue that the only obstacle preventing putative plaintiffs from asserting their own claims against Defendants is a potential delay in the court-ordered notice of this particular lawsuit. Dixon herself recognized—without notice of another's lawsuit—that she had the right to bring an EPA claim against Defendants. *See* Doc. 1. Ignorance of one's legal rights does not excuse that person from the operation of a statute of limitations. *See Hembree v. Mid-Continent Transport, Inc.*, 2012 WL 2871101, at *1 (W.D. Mo. July 12, 2012) (denying motion for equitable tolling because the plaintiffs "had a duty to inform themselves rather than let years go by without taking action," and because "[i]gnorance of their legal rights does not excuse plaintiffs," for otherwise "tolling would be routine"). If Dixon was able to recognize her right to bring a claim without notice from someone else, then "[i]t appears that potential opt-in plaintiffs have had the same notice of their rights and obligations available to them as did [Dixon]." *Greenstein v. Meredith Corp.*, 2013 WL 4028732, at *3 (D. Kan. Aug. 7, 2013).

In sum, every person has the responsibility to recognize their right to bring a claim against another. Only in Rule 23 class actions does one person's assertion of a claim relieve all others in the defined class of that responsibility. The rules that apply to Rule 23 class actions do not apply to FLSA collective actions, however, and the FLSA expressly states that those who do not affirmatively join a collective are not a party to it. None of the exceptions to the general rule that one is not bound by a judgment in an action she was not party to applies here. Thus, even if a putative plaintiff never learns of this action, she would not be bound by it; nor would she be barred from asserting her own claims.[6] Equitable tolling is to be granted rarely, and only in extraordinary circumstances. Plaintiffs have not identified any reason that a stay of discovery will bar any person with a viable EPA claim against Defendants from asserting that claim. Therefore, applying the doctrine of equitable tolling here would render the practice routine.

---

[6] In fact, Defendants are the parties to this action most likely to be prejudiced if putative plaintiffs bring their own actions, as opposed to joining this one, because that would require Defendants to litigate similar allegations in multiple courts. There is no reason to expect that Dixon herself will be harmed, because her claim has already been timely filed.

14

For all of the foregoing reasons, Plaintiffs have failed to establish any basis for the Court to invoke the doctrine of equitable tolling, and their motion must be denied.

### E. The motion is not ripe for the Court's adjudication.

Plaintiffs' inability to demonstrate why equitable tolling is necessary is primarily due to the fact that this motion is premature. "The doctrine of equitable tolling permits a plaintiff to sue *after* the statutory time period has expired *if* he has *been prevented* from doing so due to inequitable circumstances." *Davenport v. Charter Commc'ns, LLC*, 2014 WL 2993739, at *4 (E.D. Mo. July 3, 2014) (quoting *Firstcom, Inc. v. Qwest Corp.*, 555 F.3d 669, 675 (8th Cir. 2009)) (emphases added). Plaintiffs ask this Court to hold that a claimant may preemptively toll another potential claimant's statutory time limitation prior to that period's expiration, before it is known whether that potential claimant exists and is interested in joining the collective, and before it is known whether that potential claimant's claim will be barred by the statute of limitations. As a general rule, federal courts do not render advisory opinions for absent parties whose claims are not ripe for adjudication. *See United States v. Cook*, 795 F.2d 987, 995 (Fed. Cir. 1987) ("The district court's tolling order did not apply to the seven plaintiffs before the court, each of whom had unquestionably filed on time. Nor did it apply to the employees who might possibly benefit from a tolling . . . . Those employees have not filed claims, and it is unknown whether they ever will. Under general principles derived from the 'case or controversy' requirement of Article III . . . a federal court is without power to give advisory opinions, because such opinions cannot affect the rights of the litigants in the case before it. . . . When and if the time comes, the district court will presumably apply the doctrine of equitable tolling consistently with Congress' intent in enacting the particular statutory scheme set forth in FLSA.") (citations omitted). Because the motion identifies no plaintiff who has yet been prevented from suing, it ultimately is not ripe for adjudication.[7]

---

[7] A related concern is the fact that neither Dixon nor Gaona, is *the* "litigant seeking equitable tolling." *See Pace*, 544 U.S. at 418 (stating that it is the "litigant seeking equitable tolling [who] bears the burden of establishing" her right to an equitable toll). Rather, they seek to toll the statute of limitations with respect to other, theoretical litigants. But "[t]he party who is claiming the benefit of an exception to the operation of a statute of limitations bears the burden of showing that [she] is entitled to it." *Olukayode v. UnitedHealth Group*, 2020 WL 1486058, at *3 (D. Minn. Mar. 27, 2020) (quoting *Wollman v. Gross*, 637 F.2d 544, 549 (8th Cir. 1980)). Therefore, the individuals entitled— and required—to file a motion for equitable tolling are the putative plaintiffs who find themselves in

15

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion to stay discovery, Doc. 33, is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' motion for equitable tolling, Doc. 38, is **DENIED**.

Dated this 15th day of September, 2022.

*/s/ Sarah E. Pitlyk*
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

---

need of an exception to the FLSA's statute of limitations. While the Court acknowledges that "granting motions filed by named plaintiffs to equitably toll the statute of limitations for potential opt-in plaintiffs is not uncommon in this District," *Clendenen v. Steak N Shake Operation, Inc.*, 2018 WL 4679728, at *4 (E.D. Mo. Sept. 28, 2018) (collecting cases), it also cannot help but note that Dixon and Gaona have suffered no injury as a result of the FLSA statute of limitations, and that granting their request for relief would redress no harm to them. Nevertheless, because the Motion fails on other grounds, the Court does not reach the question of Plaintiffs' standing to bring it.