# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| **KATIE DIXON, et al.,** | |
| **Plaintiffs,** | |
| v. | Case No. 4:22-cv-00284 |
| **EDWARD D. JONES & CO., L.P., et al.,** | |
| **Defendants.** | |

## JOINT DISCOVERY POSITION STATEMENT

The parties submit this Joint Memorandum on two discovery disputes: (1) whether Defendants should produce client transition data on a nationwide basis, or for Region 247; and (2) whether Defendants should produce monthly reports of client transitions on a nationwide basis, or for Region 247. The parties exchanged letters and conferred on April 13, 2023.[1]

I. **Plaintiffs' Position**

- **Issue:** Defendants refuse to produce data and reports Plaintiffs must have to support motions for class and collective certification and to prove their disparate impact theory.

- **Background:** At all relevant times, Defendants have collected and cataloged data that it then refined into monthly, electronic reports distributed to its regional, area, and corporate leadership nationwide (the "data and reports"). The data and reports track: (1) FAs in each region receiving client asset transfers ("Goodknight transfers"); (2) the assets each FA received and when; (3) the FAs known to be female/diverse; and (4) the FAs' assets under management. One report, cited in the Complaint, shows the top 10 Goodknight recipients in Plaintiffs' region as of April '20 were white men. Doc. 27 ¶¶ 35-40. These reports are evidence that asset transfers disproportionately favored white, male FAs in violation of Title VII, Section 1981, and the Equal Pay Act. When Defendants sought to dismiss Plaintiffs' disparate impact claims for failure to allege statistical evidence, this Court rejected that argument, citing these Complaint allegations and noting that, even if Plaintiffs had to provide statistical evidence at the pleading stage, "Plaintiffs do provide some." Doc. 51 at 9.

- In discovery, Plaintiffs requested Defendants' company-wide data and reports.[2] The data and reports will show whether and to what extent Defendants' admittedly centralized, nationwide asset transfer policy disparately impacted putative class and collective members. Put differently, the data and reports will establish whether Plaintiffs can satisfy Rule 23 and Section 216(b) requirements for the respective proposed Title VII and Section 1981 classes, and the proposed EPA collective, which are nationwide in scope. Defendants refuse to produce this information, except for Plaintiffs' singular "region," which is one of hundreds. Defendants do not justify limiting production to Plaintiffs' region, a measure that would bar Plaintiffs from pursuing their class-wide claims.

- **The requested information is not merely discoverable; Plaintiffs must have it to support certification motions and for their prima facie case.** The named Plaintiffs "shoulder[] the burden" to show class certification is warranted (*Bennett v. Nucor Corp.*, 2005 WL 1773948, at *2 (E.D. Ark. July 6, 2005)), a burden that requires access to class-wide discovery of Defendants' accessible data and reports. *See Ford v. Rensselaer Polytechnic Inst.*, 2022 WL 715779, at *3 (N.D.N.Y. Mar. 10, 2022) ("class certification cannot be evaluated without…giving plaintiff access to discovery.'"); *Gutierrez v. Johnson & Johnson, Inc.*, 2002

---

[1] For purposes of this discovery dispute, the parties agree the relevant time period is March 9, 2019 to present.
[2] Relevant requests include Plaintiffs' 1st RFPs No. 17 and 2nd RFPs No. 4, 7, 12, and 22. For brevity, the parties have not attached these requests, but will do so at the Court's direction.

2

WL 34717245, at *4 (D.N.J. Aug. 13, 2002) ("Only the most unusual circumstances will justify withholding class discovery"). *Chen-Oster v. Goldman, Sachs & Co.*, 285 F.R.D. 294, 303-08 (S.D.N.Y. 2012) (ordering Title VII data production "to give plaintiffs a fair opportunity to demonstrate their entitlement to certification"); *Bell v. Lockheed Martin Corp.*, 270 F.R.D. 186, 190 (D.N.J. 2010) (ordering company-wide discovery). This Court's Order recognized that "[d]isparate impact plaintiffs are permitted to rely on a variety of statistical methods and comparisons to support their claims." Doc. 51 at 9. Barring discovery into the relevant data and reports, here, thwarts Plaintiffs ability to make their case. *See, e.g., Farris v. Allen*, 2021 WL 2351048, at *5 (E.D. Mo. June 9, 2021) (noting importance of statistical evidence to a prima facie case of disparate impact); *Kelleher v. Aerospace Cmty. Credit Union*, 1996 WL 498107, at *5 (E.D. Mo. July 2, 1996), *aff'd sub nom.* 114 F.3d 745 (8th Cir. 1997) (explaining a plaintiff asserting disparate impact must "prove causation…[t]hat is, the plaintiff must offer statistical evidence") (citing *Watson v. Fort Worth Bank & Trust*, 487 U.S. 977 (1988)).

- **Defendants' relevance objections are not plausible.** Plaintiffs have met the "low threshold for demonstrating relevancy." *See Moore v. Compass Grp. USA, Inc.*, 2022 WL 1471351, at *2 (E.D. Mo. May 10, 2022). Thus, the burden is on Defendants to "explain by discovery should be limited." *MWG Enterprises, LLC v. ETS Wound Care, LLC*, 2020 WL 6381816, at *1 (E.D. Mo. Oct. 30, 2020). *Cronas v. Willis Grp.*, cited by Defendants, is inapposite: there, "no evidence" existed that centralized policies had any discriminatory effect.

- **Defendants' burden objections are speculative**, and Defendants do not explain how the burden outweighs the benefit, particularly where Plaintiffs have pointed to facts that this Court held state a claim for wage discrimination. *See, e.g., Porter v. Enercon Indus. Corp.*, 2021 WL 6331060, at *2 (E.D. Mo. Feb. 26, 2021).

## II. Defendants' Position

Plaintiffs' request for client transition data and reports should be limited to Region 247.[3]

**Facts**:

- Edward Jones employs over 18,000 financial advisors ("FAs") in all 50 states. These FAs operate out of about 15,000 branch offices, organized into over 300 geographic "regions." Regions, in turn, are organized into approximately 45 geographic "areas."

- This case is about Region 247 (in Johnson County, Kansas) which sits in Area 32 (generally, the Kansas City metro area). Plaintiffs' factual allegations do not extend beyond Region 247.

  o Plaintiffs allege they both worked in Region 247. Compl. ¶¶ 25-26.
  o Plaintiffs generally allege Edward Jones has firm-wide policies allowing senior FAs discretion to transition clients to other FAs (id. ¶¶ 31, 137), then claim senior FAs in Region 247 transitioned fewer clients to Plaintiffs than white male FAs in Region 247 (id. ¶¶ 35-

---

[3] Defendants have agreed to produce relevant nationwide compensation and client transition policies that applied to Region 247; documents reflecting how client transitions were implemented in Region 247; data reflecting client transitions in Region 247; and other ESI from custodians arguably placed at issue by the Complaint.

3

39, 44, 69). There are no factual allegations about client transfers outside Region 247.

**Standard**:

- In employment discrimination cases, courts generally limit "discovery of company records to the local facility where plaintiff was employed, where there is no showing of the need for … nationwide discovery." Sallis v. Univ. of Minn., 408 F.3d 470, 478 (8th Cir. 2005).

- To obtain discovery beyond the factual allegations supporting her own claims, a named plaintiff in a class or collective action "must make a threshold showing" the information is relevant, which is not accomplished with "conjecture alone." Mayberry v. SSM, 2016 WL 3458164, at *2-3 (E.D. Mo. June 24, 2016). Rather, she must show a causal link between her own alleged wrongful treatment and her class or collective claims. Telco v. Ameritrade, 2006 WL 560635, at *7 (D. Neb. Mar. 6, 2006). Nationwide discovery is typically not appropriate where, like here, the challenged decisions were made primarily at a local level. Cronas v. Willis, 2008 WL 4548861, at *2 (S.D.N.Y. Oct. 8, 2008) (rejecting nationwide class discovery in case involving "discriminatory acts taken by different supervisors in different offices against different employees"); cf. In re State Farm, 872 F.3d 567, 577 (8th Cir. 2017) (vacating "premature" order of classwide discovery where common issues did not predominate).[4]

**Argument**:

- **Data**: Plaintiffs seek to represent a collective and classes broadly defined to include FAs across the U.S. But they do not allege facts concerning any transitions outside of Region 247, and they do not indicate how the alleged wrongful conduct affecting them was commonly applied throughout over 300 other regions. Instead, Plaintiffs allege transition decisions are made by individual FAs at a local level, and they were denied opportunities by individual FAs in Region 247 that chose not to transition client relationships to Plaintiffs. Cf. Wal-Mart v. Dukes, 564 U.S. 338, 355-56 (2011) ("demonstrating the invalidity of one manager's use of discretion will do nothing to demonstrate the invalidity of another's"). Plaintiffs' nationwide claims are not based on any specific facts but rather unsupported speculation. While discovery regarding client transitions given the allegations should be limited to Region 247, Plaintiffs' extreme request to seek client transition data beyond even Area 32 should be rejected.

- **Reports**: Plaintiffs' request for monthly client transition reports should be rejected for the same reason. Moreover, it imposes undue burden that is not proportional to the needs of the case for the separate reason that it would seek nearly 50 months' worth of reports, to the extent they exist, for over 300 regions (more than 15,000 reports) when Plaintiffs were allegedly denied client transitions only in Region 247. And, production of monthly reports would be duplicative of the data provided for any region the Court finds to be relevant to Plaintiffs' claims.

---

[4] Plaintiffs' authority is not persuasive. For example, Plaintiffs' reliance on Bennett v. Nucor, 2005 WL 1773948, at *6 (E.D. Ark. July 6, 2005), ignores the subsequent ruling from the Eighth Circuit that a plaintiff's experiences in one department "do little to advance a claim of commonality" with employees in other departments. Bennett v. Nucor, 656 F.3d 802, 816 (8th Cir. 2011). And their other authority and argument is unpersuasive in light of well-established Eighth Circuit precedent. See, e.g., Semple v. Fed. Ex., 566 F.3d 788, 794 (8th Cir. 2009) (plaintiff unable to demonstrate "particular need" for nationwide discovery where a national policy is applied by local management).

Dated: June 9, 2023

Respectfully submitted,

**STUEVE SIEGEL HANSON LLP**

/s/ *Jordan A. Kane*
George A. Hanson, #43450 (MO)
Alexander T. Ricke, #65132 (MO)
Jordan A. Kane, #71028 (MO)
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone:   816-714-7100
Facsimile:    816-714-7101
hanson@stuevesiegel.com
ricke@stuevesiegel.com
kane@stuevesiegel.com

AND

**HF LAW FIRM LLC**

Christi J. Hilker, #53523 (MO) (*PHV*)
Amy M. Fowler, #52359 (MO) (*PHV*)
3101 W. 86th St.
Leawood, Kansas 66206
Telephone:   (816)739-0107
Facsimile:    (913)426-9181
christi@hflawfirmllc.com
amy@hflawfirmllc.com

*Attorneys for Plaintiffs*

**DOWD BENNETT LLP**

/s/ *James F. Bennett*
James F. Bennett MO #46826
Michael J. Kuhn MO #58936
Philip A. Cantwell MO #65505
7676 Forsyth Blvd., Suite 1900
St. Louis, Missouri 63105
(314) 889-7300 (telephone)
(314) 863-2111 (facsimile)
jbennett@dowdbennett.com

5

mkuhn@dowdbennett.com
pcantwell@dowdbennett.com

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

Gregg M. Lemley MO #44464
Patrick F. Hulla MO #41745
Liz S. Washko (*pro hac vice forthcoming*)
7700 Bonhomme Ave., Suite 650
St. Louis, Missouri 63105
(314) 802-3935 (telephone)
gregg.lemley@ogletree.com
patrick.hulla@ogletree.com
liz.washko@ogletree.com

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of June, 2023, I filed the foregoing via the Court's CM/ECF system, effecting service upon all counsel of record.

/s/ *Jordan A. Kane*
Counsel for Plaintiffs