IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **KATIE DIXON, et al.,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**EDWARD D. JONES & CO., L.P., et al.,**<br><br>**Defendants.** | Case No. 4:22-cv-00284 |

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

Katie Dixon and Jaime Gaona, individually and on behalf of all others similarly situated, ("Plaintiffs") and Defendants Edward D. Jones & Co., L.P., and The Jones Financial Companies, L.L.L.P., ("Defendants") (collectively, the "Parties") agree during the course of discovery it may be necessary to disclose certain confidential information relating to the subject matter of this action. They agree certain categories of such information should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this action and any appeals. The Parties jointly stipulate to the entry of this Protective Order to prevent the unnecessary disclosure, dissemination, and use of certain identified categories of confidential information, during the course of discovery or otherwise.

The Parties assert in support of their request that protection of the identified categories of confidential information is necessary, given the nature of this suit, because the parties anticipate that discovery will likely seek private information from both parties and nonparties, including, but

not limited to: documents and information regarding Plaintiffs' finances and employment histories; Defendants' financial information; personnel information regarding employees and/or former employees of Defendants; and documents and information concerning Defendants' business or similar information not generally available to the public.

For good cause shown under Fed. R. Civ. P. 26(c), the Court grants the Parties' joint request and hereby enters the following Protective Order:

**1.     Scope.**  All documents and materials produced in the course of discovery of this case, including initial disclosures, responses to discovery requests, all deposition testimony and exhibits, and information derived directly therefrom (hereinafter, collectively, "documents"), are subject to this Order concerning Confidential Information as set forth below.

**2.     Definition of Confidential Information.**  As used in this Order, "Confidential Information" is defined as information that the producing party designates as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" in good faith that has been previously maintained in a confidential or restricted manner and should be protected from disclosure and use outside the litigation because its disclosure and use are restricted by statute or could potentially cause harm to the interests of the disclosing party or nonparties.  For purposes of this Order, the Parties intend to designate as "Confidential Information" the following categories of information or documents:

- Plaintiffs' financial, employment, and payment records;
- Defendants' financial records;
- Personnel, disciplinary, human resources, and/or compensation records regarding current and former employees of Defendants;
- Contracts or other employment-related agreements between Defendants and any current, or former employees;
- Commercial, confidential, and/or other information or documents relating to Defendants' business or operations that is not available to the general public;

> - Commercial, confidential, and/or other information or documents relating to Defendants' current or former clients that is not available to the general public.

Information or documents that are available to the public should not be designated as Confidential Information. Confidential Information may also be redacted, if and as allowed under the Order Governing Production of Electronically Stored Information or such other Order of the Court.

    **3.**    **Form and Timing of Designation.** The producing party may designate documents or other material as containing Confidential Information and therefore subject to protection under this Order by marking or placing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (hereinafter, "the marking") on the item or each page of the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Information.

    a) The marking will be applied prior to or at the time the documents or materials are produced or disclosed and the producing party shall make its designations or changes to designations consistent with the provisions of the parties' ESI Protocol.

    b) Copies that are made of any designated documents must also bear the marking, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

    c) A party or non-party may designate Confidential Information as "Confidential" when, in the reasonable judgment of the designating party, the information is Confidential

      Information and disclosing the information to persons other than those authorized in Paragraph 6(b) may cause harm or competitive disadvantage to the designating party. Information originally designated as "Confidential" shall not retain that status after any ruling by the Court denying such status to it. Non-parties may designate only materials produced by them as "Confidential."

  d)  A party or non-party may designate Confidential Information as "Highly Confidential – Attorneys' Eyes Only" when, in the reasonable judgment of the designating party, the information is Confidential Information and disclosing the information to persons other than those authorized in Paragraph 6(c), may cause harm or significant competitive disadvantage to the designating party. Information originally designated as "Highly Confidential – Attorneys' Eyes Only" shall not retain that status after any ruling by the Court denying such status to it. Non-parties may designate only materials produced by them as "Highly Confidential – Attorneys' Eyes Only."

**4.**     **Inadvertent Failure to Designate.** Inadvertent failure to designate any document or material as containing Confidential Information will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within fifteen (15) days after discovery of the inadvertent failure.

**5.**     **Depositions.** Deposition testimony will be deemed "Confidential" or "Highly Confidential – Attorneys' Eyes Only" if it is designated as such when the deposition is taken or within thirty (30) days after receipt of the final deposition transcript. Such designation must be specific as to the portions of the transcript and/or any exhibits to be protected. During this 30-day review period, deposition testimony shall be designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER." Any party proposing thereafter to maintain a "Confidential" or "Highly

Confidential - AEO" designation with respect to all or part of the transcript must communicate which parts of the transcript must be so designated within thirty (30) days after receipt of the final transcript. This provision shall not prevent a party that believes a deposition transcript, or certain portions of a deposition transcript, should be designated "Highly Confidential – AEO" during this 30-day review period from alerting the other party that the deposition should be treated accordingly during this 30-day review period.  If such a request is made, the Parties agree to confer about the basis for such heightened designation during the review period.  Such designation made after the 30-day review period must be specific as to the portions of the transcript and/or any exhibits to be protected.

**6.      Protection of Confidential Material.**

**(a)      General Protections.**  Designated Confidential Information must be used or disclosed solely for purposes of prosecuting or defending this lawsuit or any appeals to this litigation.

**(b)      Who May View Information Designated "Confidential".**  Except with the prior written consent of the designating party or prior order of the court, information designated "Confidential" may only be disclosed to the following persons:

(1)   The parties to this litigation, including any employees, agents, and representatives of the parties;

(2)   Counsel (in-house and retained) for the parties and employees and agents of counsel;

(3)   The court and court personnel, including any special master appointed by the court, and members of the jury;

(4)   Court reporters, recorders, and videographers engaged for depositions;

-5-

(5) Any mediator appointed by the court or jointly selected by the parties;

(6) Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation, but only after such persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to be Bound;

(7) Any potential, anticipated, or actual fact witness and his or her counsel, provided that such Confidential Information can be shared with such person only for purposes of testimony or preparation of testimony in this case, and only after such persons have completed the certification contained in Attachment A;

(8) The custodian, author, or recipient of the document (not including a person who received the document in the course of the litigation);

(9) Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation; and

(10) Other persons only upon written consent of the producing party and on such conditions as the Parties may agree.

**(c)** **Who May View Information Designated "Highly Confidential – Attorneys' Eyes Only".** Except with the prior written consent of the designating party or prior order of the court, information designated "Highly Confidential – Attorneys' Eyes Only" may only be disclosed to persons described in Paragraphs 6(b)(2), (3), (4), (5), (6), (8), (9), or (10). Notwithstanding the foregoing, Counsel for a party receiving information designated "Highly Confidential – Attorneys' Eyes Only" will be permitted to rely upon such information in advising its clients so long as such information is not disclosed.

**(d)** **Control of Documents.** The Parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential Information pursuant to the terms of this Order. Counsel for the Parties must maintain a record of

those persons that are required to execute Attachment A and maintain copies of the forms signed by those persons acknowledging their obligations under this Order. Counsel for the parties will retain such executed versions of Attachment A but are not required to identify to the Producing Party who signed them absent good cause shown. If the receiving party learns that Confidential Information produced to it is disclosed to or comes into the possession of any person other than in the manner authorized by this Stipulated Protective Order, the receiving party responsible for the disclosure must immediately inform the designating party of all pertinent facts relating to such disclosure, use its best efforts to retrieve all unauthorized copies of the Confidential Information, inform the person or persons to whom the unauthorized disclosure was made of all the terms of this Stipulated Protective Order, request such person or persons execute the Attachment A.

**7.     Filing of Confidential Information.** If a party seeks to file any document containing Confidential Information subject to protection under this Order, that party must take appropriate action to ensure that the document receives proper protection from public disclosure, unless it is the party's own material, in which case it can waive protection. The Parties understand that the requested documents may be filed under seal only with the permission of the court after proper motion pursuant to Local Rule 13.05.

If a party seeks to attach or incorporate its own Confidential Information that it wishes to remain under seal, it must comply with the filing requirements set forth in Local Rule 13.05.

If a party seeks to attach or incorporate Confidential Information that is not its own material, the designating person bears the burden of showing that the material should be filed under seal. In such a circumstance, the filing party must file the material under seal conditionally by filing the document under seal and clearly labeling the face of the pleading as "filed conditionally

under seal." The designating person shall then have fourteen (14) days to file a Motion for Sealing pursuant to Local Rule 13.05(A)(4)(a) requesting that the material be maintained under seal or filed in redacted form. Any opposition shall be filed seven (7) days thereafter, pursuant to Local Rule 13.05(A)(4)(d). If no motion supporting the sealing is filed, the materials shall be unsealed by the clerk after the time for supporting the sealing has expired.

Filing pleadings or other papers disclosing or containing Confidential Information under seal does not waive the designated status of the material. The Court will determine how Confidential Information will be treated during trial and other proceedings as it deems appropriate.

**8.     Challenges to a Confidential Designation.** A party disagreeing with a designation must give written notice of its specific challenges or objections to the designating person's designation. Upon receipt of the objection, the designating person will then have fourteen (14) business days to advise the objecting party whether or not it will change the designation, and if not, the reason it believes the challenged designation(s) are valid. The Parties must attempt in good faith to resolve any dispute without resort to Court intervention within seven (7) business days thereafter. If the Parties are unable to reach an agreement after expiration of this seven (7) day period, the parties may seek judicial intervention by initiating and following the procedure set forth in Paragraph 3(g) of the Case Management Order in this case (Dkt. 39). Both the receiving party and the designating party shall work in good faith with the receiving party to timely submit the joint filing required by the Case Management Order.

If the Court does not resolve the confidentiality designation dispute at the conference the Confidential Information shall continue to be treated as designated until the Court rules on such issues or the designating party agrees in writing to withdraw the challenged designation. If the

Court rules the Confidential Information is or was incorrectly designated, the designating person must reproduce copies of all such materials without the overruled designation at the designating person's expense, within fourteen (14) days of the Court's order.

9.   **Use of Confidential Documents or Information at Trial or Hearing.**  Nothing in this Order will be construed to affect the use of any document, material, or information at any trial or hearing.  A party that intends to present or anticipates that another party may present Confidential Information at a hearing or trial must bring that issue to the attention of the Court and the other parties without disclosing the Confidential Information.  The Court may thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or trial.

10.   **Obligations on Conclusion of Litigation.**

   **(a)**   **Order Remains in Effect.**  Unless otherwise agreed or ordered, all provisions of this Order will remain in effect and continue to be binding after conclusion of the litigation.

   **(b)**   **Return of Confidential Documents.**  At the conclusion of the litigation, all material treated as confidential under this Order and not received in evidence shall be returned to the originating party or destroyed.  The Clerk of the Court may return to counsel for the Parties, or destroy, any paper copies of sealed material at the end of the litigation, including any appeals.

   **(c)**   **Retention of Work Product.** Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product.  This work product will continue to be confidential under this Order.  An attorney may use his or her own work product in subsequent litigation provided that its use does not use, disclose, or otherwise rely on, Confidential Information. or Highly Confidential Information for any purpose other than in connection with the

prosecution or defense of this litigation. For the avoidance of doubt, no attorney may use any Confidential Information or Highly Confidential Information to support future cause(s) of action brought by such attorney or on behalf of another client or clients or otherwise disclose Confidential Information to any other individual or entity.

11. **Order Subject to Modification.** This Order is subject to modification by the Court on its own motion or on motion of any party or any other person with standing concerning the subject matter. The Order must not, however, be modified until the Parties have been given notice and an opportunity to be heard on the proposed modification.

12. **Enforcement of Protective Order.** Even after the final disposition of this case, a party or any other person with standing concerning the subject matter may file a motion to seek leave to reopen the case for the limited purpose of enforcing or modifying the provisions of this Order.

13. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing in this Order will be construed or presented as a judicial determination that any document or material designated as Confidential Information by counsel or the parties is entitled to protection under Fed. R. Civ. P. 26 or otherwise until such time as the Court may rule on a specific document or issue.

14. **Persons Bound by Protective Order.** This Order will take effect when entered and is binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms, including without limitation those that execute Attachment A hereto.

15. **Applicability to Parties Later Joined.** If additional persons or entities become

parties to this lawsuit, they must not be given access to any Confidential Information until they execute and file their written agreement to be bound by the provisions of this Order.

**16.** **Protections Extended to Non-Party's Confidential Information.** The Parties agree to extend the provisions of this Protective Order to Confidential Information produced in this case by any non-party. When serving subpoenas on non-parties, the Parties shall include a copy of this Order.

A party may seek to add Confidential designations to information produced by non-parties by notifying both the producing person and all other parties of the claim of confidentiality at the same time and within 30 days of the date the materials were received by the receiving person.

**17.** **Confidential Information Subpoenaed or Ordered Produced in Other Litigation.** If a receiving party is served with a subpoena, request from a government agency, or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three (3) business days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order, and deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its

Confidential Information in the court from which the subpoena or order issued. The designating party bears the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody, or control Confidential Information designated by the other party to this case.

18. **Disclosure of Confidential Information Covered by Attorney-Client Privilege or Work Product.** Pursuant to Federal Rule of Evidence 502(d), the disclosure or production of any information or document, whether inadvertent or otherwise, that is subject to an objection on the basis of attorney-client privilege or work-product protection, including, but not limited to, information or documents that may be considered Confidential Information under the Protective Order, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work-product doctrine at a later date. Any party receiving any such information or document must return it upon request to the producing party. Upon receiving such a request as to specific information or documents, the receiving party must return the information or documents to the producing party, or confirm destruction of the same, within five (5) business days, regardless of whether the receiving party agrees with the claim of privilege and/or work-product protection. Reasonable disclosure in good faith of the information or document by the other party prior to such later designation will not be deemed a violation of the provisions of this Order. Nothing in this Order is intended or will be construed to limit a party's right to conduct a review of documents, including electronically-stored information, for relevance, responsiveness,

or segregation of privileged or protected information before production.

Furthermore, if a receiving party finds information that the designating party produced or provides in discovery that on its face is subject to a claim of attorney-client privilege or work-product immunity, the receiving party shall provide notice to designating party of the potential inadvertent production as soon as reasonably practicable after such information is determined by counsel to likely be privileged, but no later than five (5) business days following the receiving party's recognition that such material is on its face subject to a claim of attorney-client privilege or work product immunity.

**IT IS SO ORDERED.**

DATED:  _____, 2023

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

**Stipulated to:**

**Date:  July 17, 2023**

**By:**

| | |
|---|---|
| **STUEVE SIEGEL HANSON LLP** | **DOWD BENNETT LLP** |
| /s/     *Jordan A. Kane* | /s/     *Philip A. Cantwell* |
| George A. Hanson, #43450 (MO) | James F. Bennett MO #46826 |
| Alexander T. Ricke, #65132 (MO) | Michael J. Kuhn MO #58936 |
| Jordan A. Kane, #71028 (MO) | Philip A. Cantwell MO #65505 |
| 460 Nichols Road, Suite 200 | 7676 Forsyth Blvd., Suite 1900 |
| Kansas City, Missouri 64112 | St. Louis, Missouri 63105 |
| Telephone:     816-714-7100 | (314) 889-7300 (telephone) |
| Facsimile:      816-714-7101 | (314) 863-2111 (facsimile) |
| hanson@stuevesiegel.com | jbennett@dowdbennett.com |
| ricke@stuevesiegel.com | mkuhn@dowdbennett.com |
| kane@stuevesiegel.com | pcantwell@dowdbennett.com |
| **HF LAW FIRM LLC** | AND |
| Christi J. Hilker, #53523 (MO) (*PHV*) | **OGLETREE, DEAKINS, NASH,** |
| Amy M. Fowler, #52359 (MO) (*PHV*) | **SMOAK & STEWART, P.C.** |
| 3101 W. 86th St. | |
| Leawood, Kansas 66206 | Gregg M. Lemley MO #44464 |
| Telephone:     (816)739-0107 | Patrick F. Hulla MO #41745 |
| Facsimile:      (913)426-9181 | Liz S. Washko (*pro hac vice*) |
| christi@hflawfirmllc.com | 7700 Bonhomme Ave., Suite 650 |
| amy@hflawfirmllc.com | St. Louis, Missouri 63105 |
| | (314) 802-3935 (telephone) |
| | gregg.lemley@ogletree.com |
| AND | patrick.hulla@ogletree.com |
| | liz.washko@ogletree.com |
| **OUTTEN & GOLDEN LLP** | |
| | *Attorneys for Defendants* |
| Adam T. Klein, #2375012 (NY) (*PHV*) | |
| Nantiya Ruan, #3944006 (NY) (*PHV*) | |
| Chauniqua D. Young, #5138409 (NY) (*PHV*) | |
| Michael C. Danna, #5553169 (NY) (*PHV*) | |
| 685 Third Avenue, 25th Floor | |
| New York, NY 10017 | |
| Telephone: (212) 245-1000 | |
| Facsimile: (646) 509-2060 | |
| atk@outtengolden.com | |

-14-

nr@outtengolden.com
cyoung@outtengolden.com
mdanna@outtengolden.com

*Attorneys for Plaintiffs*

# ATTACHMENT A

# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the case captioned, *Katie Dixon, et al. v. Edward D. Jones & Co., L.P., et al.*, Case No. 4:22-cv-00284-SEP, and attached hereto, understands the terms thereof, and agrees to be bound by its terms.  The undersigned submits to the jurisdiction of the United States District Court for the Eastern District of Missouri in matters relating to this Protective Order and understands that the terms of the Protective Order obligate him/her to use materials designated as Confidential Information in accordance with the order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm, or concern, except in accordance with the provisions of the Protective Order.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

Date: _____   _____
                                        Signature