UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KATIE DIXON and JAIME GAONA, *on behalf of themselves and all others similarly situated*, <br><br> Plaintiffs, <br> v. <br><br> EDWARD D. JONES & CO., L.P., and THE EDWARD JONES FINANCIAL COMPANIES, L.L.L.P., <br><br> Defendants. | Case No. 4:22-cv-00284-SEP |

## **MEMORANDUM AND ORDER**

Before the Court are four motions for leave to file under seal, Docs. [92], [95], [103], and [112]. For the reasons set forth below, the motions are granted.

### FACTS AND BACKGROUND

The parties have each filed motions for leave to file materials related to Plaintiffs' pending Motion to Compel, Doc. [91], under seal. Plaintiffs "take no position on whether" the documents "should be sealed," but sought leave to file them "conditionally" under seal because the materials were "produced and designated by Defendants as 'Confidential' pursuant to the Protective Order." Doc. [92] at 1. Defendants argue that the materials should be sealed and redacted versions placed on the public docket because they "contain confidential and sensitive business information." Doc. [96] at 1. The materials Defendants seek to keep under seal are designated as "Confidential" under the parties' Stipulated Protective Order. Doc. [79]. They consist of "confidential internal policies for Defendants' proprietary processes and procedures related to its Client Transition programs and financial advisor ('FA') compensation at Edward Jones." Doc. [96] at 3-4. Defendants also seek to redact quotations from those documents in the parties' briefs.

### DISCUSSION

There is a "common-law right of access to judicial records." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013). "The presumption of public access to judicial records may be overcome if the party seeking to keep the records under seal provides compelling reasons for doing so." *Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018) (citing *In re Neal*, 461 F.3d

1048, 1053 (8th Cir. 2006)). "The district court 'must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed.'" *In re Bair Hugger Forced Air Warming Devices Prod. Liab. Litig.*, 9 F.4th 768, 791 (8th Cir. 2021) (quoting *IDT Corp.*, 709 F.3d at 1223.). "[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and [the] resultant value of such information to those monitoring the federal courts." *IDT Corp.*, 709 F.3d at 1224 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)). "[J]udicial records and documents generally will 'fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance.'" *Id.* at 1223 (quoting *Amodeo*, 71 F.3d at 1049). When the documents sought to be sealed are filed with dispositive motions, the presumption of public access is harder to overcome. *See Ball-Bey v. Chandler*, 2024 WL 888396, at *4 (E.D. Mo. Feb. 13, 2024) (collecting cases).

In light of "the role of the material at issue in the exercise of Article III judicial power," the sealing motions are granted. The materials at issue relate to the parties' dispute over the proper scope of discovery. At least at this point, the documents do not form the basis for a decision on the merits of the case. Because the "documents play only a negligible role in the performance of Article III duties, . . . the weight of the presumption [in favor of public access] is low." *In re Bair Hugger*, 9 F.4th at 792 (quoting *Amodeo*, 71 F.3d at 1050). On the other side of the scale, Defendants have shown that there is "potential harm in unsealing 'confidential and competitively sensitive information.'" *IDT Corp.*, 709 F.3d at 1224. The sealed materials are "available exclusively through Edward Jones's JonesLink system, which can only be accessed via Edward Jones computers connected to Edward Jones's network." Doc. [96] at 4. The materials "are not publicly available, and all are labeled 'Internal Use Only – Do Not Show or Distribute to Public.'" *Id.* Defendants claim that "Edward Jones's Client Transition and compensation programs are unique in the financial services industry and are a competitive advantage for Edward Jones." *Id.* at 7. Public disclosure would allow competitors to see the policies and "make strategic decisions regarding client transitions and compensation that could dilute Edward Jones's competitive advantage in these areas and negatively impact Edward Jones's business." *Id.*

Defendants' interest in keeping confidential their competitively sensitive business information outweighs the public's limited interest in the sealed materials. That balance may change, however, if the "role of the material at issue in the exercise of Article III judicial power and resultant value of such information to those monitoring the federal courts" changes. *In re Bair Hugger*, 9 F.4th at 792 (quoting *IDT Corp.*, 709 F.3d at 1224). If, for example, the parties file the same materials with a dispositive motion, the Court will reassess whether sealing is appropriate under those circumstances.

Accordingly,

**IT IS HEREBY ORDERED** that parties' sealing motions, Docs. [92], [95], [103], and [112], are **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk is ordered to unseal Docs. [93-1], [93-14], and [93-22], as neither party believes those documents should be sealed.

Dated this 6th day of September, 2024.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE